IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

TERRY LOUIS MILLER, #1181622           §

VS.                                    §                    CIVIL ACTION NO. 6:06cv195

DIRECTOR, TDCJ-CID                     §

ORDER OF DISMISSAL

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus should be dismissed as time-barred.  The Petitioner has filed objections.

The Report and Recommendation of the Magistrate Judge, which contain his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Petitioner, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct.

The Petitioner argued in his objections that the one year statute of limitations should not have begun running until April, 2005, when he finally received the state court records.  He argued that the State created an impediment by not giving him the records earlier.  *See* 28 U.S.C. § 2244(d)(1)(B). However, he did not have a constitutional right to a free copy of the records for purposes of a collateral challenge to his conviction. *See United States v. MacCollom*, 426 U.S. 317, 323-24 (1976).  The Fifth Circuit has not issued a published decision on this issue, but every other circuit has held that problems associated with obtaining transcripts and trial records for preparing a petition for a writ of habeas corpus do not amount to an impediment for purposes of § 2244(d)(1)(B).  *See Lloyd v. Vannatta*, 296

1

F.3d 630, 632-33 (7th Cir. 2002); *Randolph v. Taylor*, 69 Fed. Appx. 824, 825 (9th Cir. 2003); *Miller*

*v. Cason*, 49 Fed. Appx. 495, 497 (6th Cir. 2002); *Crawford v. Costello*, 27 Fed. Appx. 57 (2nd Cir.

2001).  The Petitioner also mentioned he previously filed a petition for a writ of habeas corpus in this

Court.  *Miller v. Director*, Civil Action No. 6:06cv21 (E.D. Tex.).  The petition was filed on January

18, 2006, and voluntarily dismissed on March 20, 2006.  It is noted that any possible habeas corpus

relief in federal court was time-barred as of October 17, 2005.  The Petitioner's previous petition was

time-barred by the time it was filed on January 18, 2006.  Moreover, the limitations period was not

tolled due to the pendency of the previous federal petition. *Grooms v. Johnson*, 208 F.3d 488, 489 (5th

Cir. 1999).  The Petitioner has not shown in his objections that the petition should not be dismissed

as time-barred.  Thus the Court hereby adopts the findings and conclusions of the Magistrate Judge

as the findings and conclusions of the Court.  It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is

**DISMISSED** with prejudice.  All motions not previously ruled on are hereby **DENIED**.  A certificate

of appealability is **DENIED**.

**SIGNED this 15th day of June, 2006.**


MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

2